UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE MACLEOD AND HAROLD PARSONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-606-BAJ-SDJ** |
| **ELIODORO DELALUZ, JR., et al.** | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the United States District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 9, 2021.

*/s/ Scott D. Johnson*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE MACLEOD AND HAROLD PARSONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-606-BAJ-SDJ** |
| **ELIODORO DELALUZ, JR., et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 3), filed by Plaintiffs, Jane MacLeod and Harold Parsons. Defendants timely filed an Opposition (R. Doc. 4). After reviewing the parties' filings and the applicable law, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.

**I.    BACKGROUND**

Plaintiffs filed this cause of action in state court following a tragic car accident that resulted in the death of their brother, Ken Parsons. Plaintiffs brought wrongful death and survival actions pursuant to Louisiana Civil Code articles 2315.1 (survival action) and 2315.2 (wrongful death) against the following Defendants: Eliodoro Delaluz, Rapid Leasing Trucking, LLC, Leanna McCrea, State Farm Mutual Automobile Insurance Company, and United Wisconsin Insurance Company. The Petition explains that a tractor-trailer driven by Eliodoro Delaluz first hit Leanna McCrea's vehicle before colliding with Ken Parson's tractor-trailer. Both tractor-trailers burst into flames upon impact, resulting in the unfortunate deaths of both Ken Parsons and Eliodoro Delaluz. (R. Doc. 1-1 at 3-5).

On September 11, 2020, Defendant, United Wisconsin Insurance Company, timely removed Plaintiffs' cause of action to federal court, based on diversity jurisdiction. (R. Doc. 1). Plaintiffs then filed a Motion to Remand (R. Doc. 3), which the Court considers below.

## II.    APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

If removal is based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  But relevant here,[1] if the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant can meet this burden by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional

---

[1] Under Louisiana law, "a final judgment shall grant the relief to which the party . . . is entitled, even if the party has not demanded such relief in his pleadings." La. C. Civ. P. art. 862. Beyond that, plaintiffs in Louisiana are generally prohibited from alleging a specific amount of damages in their pleadings, but are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. C. Civ. P. art. 893(A)(1).

minimum. *Id*. If the defendant can produce sufficient evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

## III. DISCUSSION

There is no dispute that all parties are completely diverse. (R. Doc. 1 at 3-4) (complete diversity between parties); (R. Doc. 3) (only challenging amount in controversy).[2] And so, the only issue before the Court is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### A. Amount in Controversy is Facially Apparent

Plaintiff argues the "conclusory" allegations found in the Petition cannot support removal. (R. Doc. 3-1 at 5). Defendant, on the other hand, suggests it is facially apparent that the amount in controversy is satisfied, based on the Petition's "detailed gruesome allegations." (R. Doc. 3 at 6). As explained below, the Court agrees with Defendant.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at *3 (M.D. La. Jan.

---

[2] Plaintiffs are both citizens of Canada (R. Doc. 1-1). *See Foster v. Jeter*, 2020 WL 1015774, at *2 (W.D. La. March 2, 2020) ("[T]he class of beneficiaries listed in articles 2315.1 and 2315.2 cannot bring the suit in a representative capacity." Therefore, this lawsuit does not "implicate 28 U.S.C. § 1332(c)(2) [(legal representative takes on decedent's citizenship)] and plaintiff's citizenship would be his own rather than that of decedents."). Eliodoro Delaluz and Rapid Leasing are citizens of Texas. (R. Doc. 1 at 4). Leanna McCrea, who was not served at the time of removal, is a citizen of Louisiana (R. Doc. 1 at 4). *See Texas Brine Company, LLC v. American Arbitration Association, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."). Finally, State Farm is a citizen of Illinois, while United Wisconsin is a citizen of Wisconsin. (R. Doc. 1 at 4).

6, 2012); *see also Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009); *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002). Ultimately, "[w]hen . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000." *Dunomes v. Trinity Marine Products, Inc.*, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014).

Here, the Petition does not contain the sort of vague allegations or categorical damages generally found insufficient to establish the amount in controversy in personal injury actions. Instead, it details the horrific accident that occurred on September 13, 2019, and resulted in the death of Ken Parsons.

Specifically, the Petition indicates that Ken Parsons first "veered to the right" in an unsuccessful effort to avoid the collision, after which, "both tractor-trailers burst into flames." (R. Doc. 1-1 at 3). Ken Parsons was then "violently thrown about in the cabin . . . sustaining serious and multiple physical traumas to the body . . . severe burns . . . and smoke inhalation." (R. Doc. 1-1 at 3). Parsons, however, "did not die immediately; rather," an autopsy showed "he survived for some period of time. . . ." (R. Doc. 1-1 at 5). In that time, Parsons suffered burns to his body, inhaled smoke and "sustain[ed] an open skull fracture with laceration to the brain." (R. Doc. 1-1 at 5). The Petition then reiterates that "Parsons' tractor-trailer immediately exploded into flames" upon impact, but that Parsons, still alive, "could not escape from the tractor prior to himself catching fire and *burning alive* until death resulted." (R. Doc. 1-1 at 5) (emphasis added).

Considering only the survival action, which seeks redress for the "extreme and severe pain and suffering" sustained by Ken Parsons prior to his death (R. Doc. 1-1 at 5), the amount in controversy is clearly satisfied from the face of the Petition.

The facts alleged are—as Defendant aptly describes them—both "detailed" and "gruesome." Indeed, the Petition indicates that Mr. Parsons was in fear of the collision prior to impact—veering to the right in an effort to avoid Delaluz's tractor-trailer. It then alleges that Mr. Parsons survived the collision, suggesting he was aware of his own trauma for some time, until he "burn[ed] alive until death resulted." (R. Doc. 1-1 at 5). Courts considering similar survival actions have awarded well more than the jurisdictional limit. The following cases, both cited by Defendant, are instructive.

First, in *McBride v. Estis Well Service, L.L.C.*, the Fifth Circuit affirmed the district court's award of "$400,000 for [the] pre-death fear and conscious pain and suffering" sustained by a crewmember who became "fatally pinned between the derrick and mud tank" on a truck-mounted drilling rig. *McBride v. Estis Well Serv., L.L.C.*, 853 F.3d 777, 781 (5th Cir. 2017). In affirming the award, the Fifth Circuit noted:

> Sonnier was aware of the danger and running for his life immediately prior to impact, and photographs from the scene showed that his body was positioned . . . in a defensive posture to protect himself. . . . [T]he pathologist who performed the autopsy . . . testified that Sonnier could have been conscious and aware for up to five minutes after impact, but was more likely . . . conscious for one to two minutes after impact. [And] witness testimony claimed that Sonnier was alive and gurgling blood shortly after impact . . . .

*Id.* at 781.

Similarly, in *Thompson v. Crawford*, the Louisiana Supreme Court reinstated the jury's award of $450,000 in survival damages after Aaron Thompson "was electrocuted and killed after

coming in contact with a live electrical wire." *Thompson v. Crawford*, 229 So.3d 451, 452 (La. 2017). Like Mr. Parsons, the decedent in *Thompson* suffered burns prior to death:

> [E]lectricity flowing through the wire immediately transferred to the decedent's body, causing his right hand to catch aflame and burn off as the electricity coursed through hi[m] . . . The decedent then slumped down dead . . . .

*Thompson*, 229 So.3d at 452. The Louisiana Supreme Court also noted there was evidence that the decedent was alive and "suffered for some period of time, albeit brief, until his hand was burned off and he slumped to the ground." *Id.* at 452.

Considering the detailed and gruesome allegations in the Petition, along with the survival damages awarded under similar circumstances, the Court finds it was facially apparent at the time of removal that the amount in controversy exceeded $75,000.

## IV.    CONCLUSION

For the reasons explained above, the Court **RECOMMENDS** that Plaintiff's Motion to Remand (R. Doc. 3) be **DENIED** and that the Court retain jurisdiction over this cause of action.

Signed in Baton Rouge, Louisiana, on April 9, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**